## Kober's Appeal.

M. owned and operated a distillery, where he sold a quantity of whisky subject to the revenue tax.   K. held a judgment which was a lien upon the distillery property.   The United States collected the tax on the whisky out of this property.   *Held,* that K. could not claim to be subrogated to the lien of the United States upon the whisky for the payment of the tax.

(Decided November 9, 1885.)

Appeal from a decree of the Common Pleas of Allegheny

---

NOTE.—As to right of subrogation in general, see the following editorial notes containing a full presentation of the authorities on their respective subjects:

Subrogation to rights of mortgagee, note to Crumlish v. Central Improv.

County, in equity, refusing the right of subrogation. Affirmed.

On July 8, 1882, John T. Moss was the owner of a distillery, and was engaged in the business of distilling whisky. On that day a judgment was entered against him in favor of Frederick Kober, which, thereby, became a lien on the distillery property. At that time Schmidt & Friday and George Y. McKee, the appellees, were the owners of most of the whisky in Moss' distillery warehouse, having purchased it subject to the revenue tax. Upon a prior judgment, the distillery property was sold, and, from the sum so realized, the United States claimed and received the amount of its demand for taxes upon the whisky so manufactured and sold. Kober then brought this action to be subrogated to the rights of the United States to collect the amount of its tax out of the whisky. The bill, having been demurred to, was dismissed, and plaintiff appealed.

*William S. Pier* for appellant.

*Chas. H. McKee* for appellees.

PER CURIAM:

The court correctly refused the subrogation asked for. The appellees were under no obligation to him to pay the tax on the whisky. That was a matter between them and Moss only. The appellant had no lien on the whisky nor any property in it.

He cannot acquire it by subrogation.

Decree affirmed and appeal dismissed, at the costs of the appellant.

Co. 23 L. R. A. 131; payment of another's debt, note to Crumlish v. Central Improv. Co. 23 L. R. A. 124; right to, of partner who pays firm debt, note to Sand v. Durham, 54 L. R. A. 614; of purchaser on void execution sale, note to Riley v. Martinelli, 21 L. R. A. 33; of person paying tax, note to Bibbins v. Clark, 29 L. R. A. 282.